UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Case No. 18-CR-117

LAVONDA K. WRIGHT,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Megan J. Paulson, Assistant United States Attorney, and the defendant, Lavonda K. Wright, individually and by attorney Joshua Uller pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a one-count indictment, which alleges a violation of Title 18, United States Code, Section 1709.

3. The defendant has read and fully understands the charge contained in the indictment. She fully understands the nature and elements of the crimes with which she has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4. The defendant voluntarily agrees to plead guilty to the indictment as set forth in full as follows:

*THE GRAND JURY CHARGES:*

*Between February 1, 2017, and March 21, 2018, in the State and Eastern District of Wisconsin,*

*LAVONDA K. WRIGHT,*

*while employed by the United States Postal Service and entrusted with articles of mail, did steal U.S. currency and gift cards contained therein.*

*All in violation of Title 18, United States Code, Section 1709.*

5.  The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish her guilt beyond a reasonable doubt:

On September 19, 2015, Lavonda Wright began her employment with the U.S. Postal Service (USPS). Wright was assigned to deliver mail on Route 48 that includes the 53210 zip code. In January, 2018, a USPS customer reported that she never received a $100.00 Trader Joe's gift card. This gift card was sent to her by her daughter. Upon further investigation, it was found that the gift card was used by Wright at Bayshore Mall in Glendale, WI. Wright used the card on both December 6 and December 9, 2017. On December 9, 2017, the amount due exceeded the remaining balance on the card. At that time, Wright used her personal credit card to complete the purchase.

After discovering this information, the USPS conducted three integrity tests for Wright. Wright stole items from two of the three test pieces. During the first test, she appropriately delivered the mail. The second test, included a $20.00 Target gift card. On February 22, 2018, Wright took the gift card out of the envelope with an undeliverable address. She then used the

2

gift card at Target West Milwaukee on March 18, 2018. A photograph of the defendant using the gift card was retrieved from Target West Milwaukee. On March 3, 2018, Wright stole from another test piece of mail. She took another Target gift card out of an envelope addressed to a vacant apartment. Records show Wright using the gift card at Target Greenfield on March 8, 2018. A photograph of Wright using the gift card was retrieved from Target Greenfield. Ultimately, a live test was conducted on Wright's route on March 21, 2018. While parked in her postal vehicle, Wright opened the test piece of mail. The test piece of mail contained $20.00 in cash. After Wright opened the test piece of mail, agents were alerted and approached Wright's postal vehicle. Wright was read her Garrity rights and agreed to make a statement. During her statement, she produced a $20.00 bill from her left front pants pocket, with the same identifying serial number as the one put inside the test piece of mail. She admitted to stealing from the mail for approximately one year. She began stealing because of a gambling issue, to help pay bills, and to take care of her family. She admitted to taking and using the Trader Joe's gift card as well as the two Target gift cards. She signed a written statement, initialed the photos from Target, and identified herself in the photos. She also initialed the purchases at Trader Joes as purchases she made with the stolen gift card. Subsequently, Wright resigned from USPS.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## **PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: five years and $250,000. The count also carries a mandatory special assessment of $100, and a maximum of three years of supervised release.

## ELEMENTS

7.  The parties understand and agree that in order to sustain the charge of theft of mail by employee as set forth in the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, the defendant was a Postal Service employee;

<u>Second</u>, the item of mail, or thing contained within the item of mail was entrusted to the defendant for the purpose of being conveyed by mail; and

<u>Third</u>, the defendant stole with intent to convert to her own use a thing contained within the item of mail.

## SENTENCING PROVISIONS

8.  The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9.  The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to

withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

12. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

13. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

14. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the indictment is six under Sentencing Guidelines Manual § 2B1.1(a)(2).

## Specific Offense Characteristics

15. The parties agree to recommend to the sentencing court that a two-level increase for abuse of position of trust by postal worker under Sentencing Guidelines Manual § 3B1.13 is applicable to the offense level for the offense charged in the indictment.

5

### Acceptance of Responsibility

16.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing.

### Sentencing Recommendations

17.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

19.     The parties agree and understand that the government will recommend a sentence of two years' probation and is amendable to probation terminating after one year should the defendant comply with all the terms of probation and upon concurrence of the supervising probation officer.

### Court's Determinations at Sentencing

20.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the

6

imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21.	The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## **FINANCIAL MATTERS**

22.	The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

23.	The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by the FLU and any documentation required by the form. The defendant further agrees, upon request of the FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

24.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

25.     The defendant agrees to pay restitution in the amount of $205.00 at or before the time of sentencing. The parties further agree to hold open restitution to determine any further loss by unidentified victims for a period of 90 days.

### **DEFENDANT'S WAIVER OF RIGHTS**

26.     In entering this agreement, the defendant acknowledges and understands that she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

   a.   If the defendant persisted in a plea of not guilty to the charges against him, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b.   If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c.   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d.   At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present

8

    witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.  At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

  27.  The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to him and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

  28.  The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

  29.  The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

  30.  The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement, including

any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

10

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

36. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 8·29·18

LAVONDA K. WRIGHT
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/29/18

JOSHUA ULLER
Attorney for Defendant

For the United States of America:

Date: 8/29/18

MATTHEW D. KRUEGER
United States Attorney

Date: 8/29/18

MEGAN J. PAULSON
Assistant United States Attorney

12